[Cite as *State v. Good*, 2014-Ohio-3536.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No. 13CA0044 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUANITA GOOD | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. CRB 13-03-00475 |

DECISION AND JOURNAL ENTRY

Dated: August 18, 2014

WHITMORE, Judge.

{¶1} Appellant, Juanita Good, appeals her conviction in the Wayne County Municipal Court. This court affirms the conviction.

I

{¶2} On the evening of March 20, 2013, William Shaffer called the police to report that his TV, phone, and Blu-ray player had disappeared while he slept. Officer Joshua Timko of the Wooster Police department responded to Shaffer's apartment, where Shaffer told him that his daughter in-law, Juanita Good, had disappeared from his apartment around the same time that the items went missing. The missing property was never recovered, and Good was charged with petty theft in violation of R.C. 2913.02(A)(1) in connection with the incident.

II

Assignment of Error Number One

THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A FINDING OF GUILTY
AND AS A RESULT THE FEDERAL CONSTITUTION AND OHIO

CONSTITUTION REQUIRE THE CONVICTION TO BE REVERSED WITH PREJUDICE TO BAR FURTHER PROSECUTION.

{¶3} Good's first assignment of error is that the State failed to produce sufficient evidence that she stole a TV, a phone, and a broken Blu-ray player in violation of R.C. 2913.02(A). She argues that the evidence did not support a reasonable inference that she stole the items and reasons that the court inferred her guilt from inadequate circumstantial evidence. We disagree.

{¶4} In criminal cases, a trier of fact may reach a guilty verdict only where it may reasonably conclude that the evidence establishes each element of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3 259, 272-273 (1991). "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether a trier of fact, making all reasonable inferences in favor of the State, could convict the defendant. *Jenks* at 273. In this analysis, "[c]ircumstantial evidence and direct evidence inherently possess the same probative value." *Id.* at paragraph one of the syllabus.

{¶5} Under R.C. 2913.02(A)(1) "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent." Although it is difficult to understand the nature of Good's arguments, the key question here appears to be one of identity: whether the State produced sufficient evidence that Good is the person who obtained or exerted control over the missing property. The record demonstrates that it did.

{¶6} A reasonable trier of fact could infer from the evidence that Good took Shaffer's TV, phone, and Blu-ray player. Testimony at trial established that Shaffer lived in a rooming

house that consisted of individual apartments that shared a secured main entrance. Shaffer testified that all of the items were still in his apartment when he went to bed at six o'clock in the evening, but were gone when he woke up at ten o'clock the same evening. Shaffer further testified that Good had been staying at his apartment. She had been present when he went to sleep, but was gone when he woke up. Finally, Shaffer testified that he had lived in his apartment for three years without anybody walking into his room. Another resident testified that during the time in question, Good asked him to admit her to the building from the outside, maintaining that she needed to give Shaffer some medication.

{¶7} Viewing this testimony in the light most favorable to the State, a trier of fact could reasonably conclude that Shaffer's belongings disappeared while he slept and that Good, who had been present when he fell asleep but was missing when he awakened, is the person who stole the items in question.

{¶8} Good's first assignment of error is overruled.

Assignment of Error Number Two

THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} Good's second assignment of error is that the trier of fact convicted her of violating R.C. 2913.02(A) against the manifest weight of the evidence. Good argues that the court placed undue emphasis on whether the outside door was locked because others could have entered the house and so gained access to Shaffer's room. We disagree.

{¶10} As an initial matter, we observe that the State did not respond to Good's second assignment of error. By the same token, Good's assignments of error contain significant overlap. Nonetheless, the two assignments are not equivalent because sufficiency and weight of the evidence are "both quantitatively and qualitatively different." *Thompkins*, 78 Ohio St.3d at

paragraph two of the syllabus. With respect to the weight of the evidence, the Ohio Supreme Court has explained:

> Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."

(Emphasis omitted.) *Id.* at 387, quoting *Black's Law Dictionary* 1594 (6th Ed.1990). An appellate court must reverse a conviction where the weight of the evidence, viewed from the perspective of the trier of fact, and without affording deference to the state, indicates that the "trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶11} Here, the evidence taken as a whole indicates that the trier of fact did not "clearly [lose] its way and [create] * * * a manifest miscarriage of justice." *See id.* Officer Timko testified that he had been dispatched to Shaffer's apartment on the evening of March 20, 2013. He initially testified that he could not remember the time of the dispatch. When the prosecution asked him if it would be appropriate to say that he had been dispatched around six thirty, he agreed that it would. Shaffer testified that his TV was between fifteen and twenty pounds and had a 42 inch screen. According to his testimony, the TV was in the room when he fell asleep on the evening in question. Shaffer testified that he did not lock the door to his apartment, but that the other residents did not go into each other's rooms. He further testified that no one had

walked into his room in the three years he had lived there, and that the doors of the rooming house were kept locked. Shaffer's friend of over thirty years, Irvin Shrader, testified that he had seen Good in the day room around 7:00 p.m. He recalled that about 45 minutes later, he had seen Good outside and had let her in after she told him that she had been out to buy medicine for Shaffer. Although Shrader did not see Good exit the house or carry a TV that evening, he testified that other residents also admit visitors at times.

{¶12} There is some evidence from which the trier of fact could conclude that Shaffer's testimony was not accurate, but that evidence does not prohibit a fact finder from believing the testimony necessary to convict Good. Specifically, Officer Timko's testimony does not compel a fact finder to disbelieve Shaffer's testimony that the items disappeared while he was asleep. Even if Shaffer incorrectly stated the time, a trier of fact could still believe that he went to sleep that evening, and that the other facts were as he recounted them.

{¶13} Based on the limited argument before us, the inferences necessary to find Good guilty of stealing Shaffer's items are neither so numerous or improbable that they indicate a miscarriage of justice. *See Otten* at 340. As such, this is not the rare case in which we must conclude that the trier of fact lost its way by finding Good guilty of petty theft.

{¶14} Good's second assignment of error is overruled.

### III

{¶15} Good's first and second assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

WESLEY JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.